THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LINDA E. WINN,

    Plaintiff,

v.                                            CASE NO. 1:10-cv-00168-SPM-GRJ

UNUM GROUP CORPORATION,

    Defendant.

_____/

**O R D E R**

The matter is before the Court on the Stipulated Motion To Stay Discovery Pending Mediation, And To Appoint Mediator. (Doc. 22.) This case involves a claim under ERISA for disability benefits. The parties request the Court to stay their case management, planning and discovery obligations for a period of up to ninety (90) days in order to allow the parties to conduct mediation in this case. The parties have obtained dates of availability from the mediator, Charles Carter, and are in the process of scheduling a mediation conference with Mr. Carter for a date as soon as possible in 2011. Pursuant to the Initial Scheduling Order entered on November 15, 2010 (Doc. 15) the parties currently are required to conduct the Rule 26(f) meeting no later than December 15, 2010 and to file the joint report of their Rule 26(f) meeting no later than December 29, 2010. (Doc. 15.)

Accordingly, it is **ORDERED**:

(1)     The Stipulated Motion To Stay Discovery Pending Mediation, And To Appoint Mediator (Doc. 22) is **GRANTED**.

(2)     Pursuant to Rule 16.3(I), N.D. Fla. Loc. R. this case is referred to

mediation before Charles Carter. The parties shall mediate the case in accordance with the following procedures:

 (a) Unless otherwise agreed, the fee of the mediator shall be paid equally by the parties. The fee shall be paid in the manner required by the mediator.

 (b) The mediation conference shall be scheduled as soon as possible with due regard to the schedules and other commitments of the parties and counsel.

 (c) The following persons must attend the mediation conference:

  (i) Counsel of record primarily responsible for the conduct of this matter on behalf of each party.

  (ii) All parties. In the case of a corporation, governmental entity, or other organization, or officer in his or her official capacity, the party must attend through a representative having full authority to settle the entire case for the party without further consultation. In his or her authority, however, the mediator may waive the requirement that the attending representative's full authority to settle be "without further consultation." Unless the mediator directs otherwise, the parties by agreement also may waive the requirement that the attending representative's full authority to settle be

"without further consultation."

 (iii) A representative of the insurer, if a party is insured, having full authority to settle without further consultation. In his or her discretion, however, the mediator may waive the requirement that the representative for the insurer have full authority to settle "without further consultation." Unless the mediator directs otherwise, the parties by agreement also may waive the requirement that the representative for the insurer have full authority to settle "without further consultation."

(d) Failure of any person to attend the mediation conference as required shall result in the imposition of sanctions.

(e) The parties shall confer in advance on the submission of written materials to the mediator and shall proceed in accordance with any agreement they reach or the instructions of the mediator. In the absence of agreement of the parties or instructions from the mediator, no written submissions to the mediator are required, but either party may submit materials as it deems appropriate, which the mediator may consider as he or she deems appropriate.

(f) The mediator shall have authority to control the procedures to be followed in mediation, may adjourn the mediation

conference and set times for reconvening, and may suspend or terminate the mediation whenever, in the opinion of the mediator, the matter is not appropriate for further mediation.

(g) All discussions, representations, and statements made at the mediation conference shall be off the record and privileged as settlement negotiations. Mediation proceedings shall not be recorded by a court reporter or by electronic recording device, except as necessary to memorialize any settlement that may be reached.

(h) The parties are encouraged to settle as many issues during mediation as possible. Partial or complete settlements shall immediately be reduced to writing in the presence of the mediator and shall be signed by all parties and their counsel.

(i) Mediation in this case must be completed by **February 18, 2011**. The mediator or the parties shall file a report within **ten (10) days** after the completion of mediation indicating when mediation was conducted and whether the matter was settled or impasse was declared. If the matter was settled in full, notice to the court shall be immediate and the parties shall file a stipulation for dismissal and provide a proposed order of dismissal to the Court within 5 working days.

(3) The obligation to conduct a Rule 26(f) conference and submit a joint report of the scheduling meeting is **STAYED** until the parties have

completed mediation. In the event this case is not resolved at mediation, the parties shall conduct a Rule 26(f) scheduling conference within **fourteen (14) days** after an impasse is reached at mediation. The parties shall file the joint report of their scheduling conference no later than **fourteen (14) days** after the parties conduct the Rule 26(f) scheduling conference.

(4) Discovery in this case is **STAYED** until the parties have completed mediation.

**DONE AND ORDERED** this 22nd day of December, 2010.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge